CLOSED,LMrecused,NH−CPAct

# U.S. District Court
# District of New Hampshire (Concord)
# CIVIL DOCKET FOR CASE #: 1:24−cv−00205−JL−TSM

Kratzenberg v. NH Supreme Court, Chief Justice et al
Assigned to: Judge Joseph N. Laplante
Referred to: US Magistrate Judge Talesha L. Saint−Marc
Cause: 28:1983 Civil Rights

Date Filed: 07/09/2024
Date Terminated: 05/30/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**Eric Kratzenberg** represented by **Eric Kratzenberg**
PO Box 162
Peterborough, NH 03458
603 320−9019
Email: ekratz314@protonmail.com
PRO SE

V.

**Defendant**

**NH Supreme Court, Chief Justice**
*in his individual capacity as well in his official capacity as the chief judge and administrator of the NH Supreme Court.*
*other*
Gordon MacDonald

represented by **Christopher George Bond**
NH Attorney General's Office (DOJ)
Department of Justice
33 Capitol St
Concord, NH 03301
603−271−3643
Fax: 603−271−2110
Email: christopher.g.bond@doj.nh.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**NH Supreme Court** represented by **Christopher George Bond**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/09/2024 | 1 | COMPLAINT against NH Supreme Court, NH Supreme Court, Chief Justice with Jury Demand (Filing fee $ 405 receipt number 1535) filed by Eric Kratzenberg. (Attachments: # 1 Civil Cover Sheet, # 2 Summonses) (mc) (Entered: 07/09/2024) |
| 07/09/2024 | | Case assigned to Judge Joseph N. Laplante and US Magistrate Judge Talesha L. Saint−Marc. The case designation is: 1:24−cv−205−JL−TSM. Please show this number with the judge designation on all future pleadings. (mc) (Entered: 07/09/2024) |
| 07/09/2024 | | NOTICE. This case has been designated for Electronic Case Filing. All further submissions shall be filed in compliance with the Administrative Procedures for |

| | | |
|---|---|---|
| | | Electronic Case Filing. Pro se litigants are not required to file electronically and may continue to file documents in paper format. Persons filing electronically are strongly encouraged to complete the interactive training modules available on the courts website. To access these modules, click HERE. (mc) (Entered: 07/09/2024) |
| 07/09/2024 | 2 | Summonses given in hand as to NH Supreme Court, NH Supreme Court, Chief Justice. **NOTICE: Counsel shall print and serve the summonses and all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF)(mc) (Entered: 07/09/2024) |
| 07/09/2024 | 3 | CORRECTED REQUEST FOR ISSUANCE OF SUMMONS by Eric Kratzenberg. (mc) (Entered: 07/09/2024) |
| 07/09/2024 | 4 | Summons given in hand as to NH Supreme Court. **NOTICE: Counsel shall print and serve the summons and all attachments in accordance with Fed. R. Civ. P. 4.** (Attachments: # 1 Notice ECF)(mc) (Entered: 07/09/2024) |
| 09/03/2024 | 5 | Return of Service Executed as to NH Supreme Court, NH Supreme Court, Chief Justice by Eric Kratzenberg. Served/Mailed on 8/19/2024. (Attachments: # 1 Cover Letter, # 2 Envelope)(ko) (Entered: 09/03/2024) |
| 09/03/2024 | 6 | Motion to Participate in Electronic Filing filed by Eric Kratzenberg. (Attachments: # 1 Cover Letter)(ko) (Entered: 09/03/2024) |
| 09/04/2024 | | **ENDORSED ORDER granting re 6 Motion to Participate in Electronic Filing. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. (ko)** (Entered: 09/04/2024) |
| 09/13/2024 | 7 | MOTION to Extend Time to Answer to October 14, 2024 filed by NH Supreme Court, NH Supreme Court, Chief Justice. Attorney Christopher George Bond added to party NH Supreme Court(pty:dft), Attorney Christopher George Bond added to party NH Supreme Court, Chief Justice(pty:dft).Follow up on Objection on 9/27/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Bond, Christopher) (Entered: 09/13/2024) |
| 09/16/2024 | 8 | Emergency MOTION for Default as to PETITION TO DEFAULT THE DEFENDANTS FOR FAILING TO FILE ANY RESPONSE TO THE PLEADINGS AS REQUIRED WITHIN TWENTY−ONE DAYS BY THE SUMMONS filed by Eric Kratzenberg.Follow up on Objection on 9/30/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 09/16/2024) |
| 09/16/2024 | 9 | Emergency MOTION for Subpoena for PETITION FOR A SUBPOENA TO BE SERVED ON THE NH ADMINISTRATIOON OFFICE OF THE COURTS TO OBTAIN THE RESIDENCE ADDESS OF DEFENDANT MACDONALS AND THE CLERK OF COURT TO HAVE THE SUMMONS SERVED IN ABODE ON THEM SINCE THEY RE EVADING SERVICE filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 9/30/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 09/16/2024) |
| 09/17/2024 | 10 | WAIVER OF SERVICE Returned Executed as to NH Supreme Court, NH Supreme Court, Chief Justice by NH Supreme Court, NH Supreme Court, Chief Justice. Served/Mailed on 9/17/2024. Answer Follow Up on 11/19/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and |

| | | |
|---|---|---|
| | | FRCrP 45(c).(Bond, Christopher) (Entered: 09/17/2024) |
| 09/30/2024 | 11 | OBJECTION to 8 Emergency MOTION for Default as to PETITION TO DEFAULT THE DEFENDANTS FOR FAILING TO FILE ANY RESPONSE TO THE PLEADINGS AS REQUIRED WITHIN TWENTY−ONE DAYS BY THE SUMMONS filed by NH Supreme Court, NH Supreme Court, Chief Justice. Follow up on Reply on 10/7/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bond, Christopher) (Entered: 09/30/2024) |
| 09/30/2024 | 12 | OBJECTION to 9 Emergency MOTION for Subpoena for PETITION FOR A SUBPOENA TO BE SERVED ON THE NH ADMINISTRATIOON OFFICE OF THE COURTS TO OBTAIN THE RESIDENCE ADDESS OF DEFENDANT MACDONALS AND THE CLERK OF COURT TO HAVE THE SUMMONS SERVED IN ABODE ON THEM SINCE THEY R filed by NH Supreme Court, NH Supreme Court, Chief Justice. Follow up on Reply on 10/7/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bond, Christopher) (Entered: 09/30/2024) |
| 10/01/2024 | | **ENDORSED ORDER granting in part 7 MOTION to Extend Time to Answer to October 14, 2024 re 1 Complaint.** ***Text of Order: Granted. Although LR 4.3(d)(3) requires that the magistrate judge conduct a preliminary review to determine whether the court has subject matter jurisdiction, nothing in the rule explicitly affects any pertinent provision or requirement of the Federal Rules of Civil Procedure or any other federal law, including, but not limited to, Fed. R. Civ. P. 12. The magistrate judge completed the required subject matter review. Given the parties apparent confusion regarding LR 4.3(d)(3), and defendants' timely filed motion to extend (Doc. no. 7 ), the court grants in part, defendants' request for an extension of time to respond to the complaint. Defendants' responsive pleading shall be due on or before November 1, 2024.*** **So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Answer Follow Up on 11/1/2024. (jb)** (Entered: 10/02/2024) |
| 10/08/2024 | | **ENDORSED ORDER mooting re 8 Emergency Motion for Default as to Petition to Default the Defendants for Failing to File any Response to the Pleadings are Required within twenty one days by the Summons.** ***Text of Order: Moot.*** **So Ordered by Judge Joseph N. Laplante. (ko)** (Entered: 10/08/2024) |
| 10/09/2024 | | **ENDORSED ORDER denying re 9 Emergency MOTION for Subpoena for PETITION FOR A SUBPOENA TO BE SERVED ON THE NH ADMINISTRATIOON OFFICE OF THE COURTS TO OBTAIN THE RESIDENCE ADDESS OF DEFENDANT MACDONALS AND THE CLERK OF COURT TO HAVE THE SUMMONS SERVED IN ABODE ON THEM SINCE THEY RE EVADING SERVICE.** ***Text of Order: Denied.*** **So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)** (Entered: 10/09/2024) |
| 11/01/2024 | 13 | MOTION to Dismiss for Failure to State a Claim filed by NH Supreme Court, Chief Justice, NH Supreme Court.Follow up on Objection on 11/15/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law, # 2 Exhibit A − Order of NH Supreme Court dated 2/20/24)(Bond, Christopher) Modified on 11/1/2024 to add exhibit description: (jb). (Entered: 11/01/2024) |
| 11/20/2024 | | Notice regarding 13 MOTION to Dismiss for Failure to State a Claim : Pursuant to Local Rule 72.1, this motion has been referred to Magistrate Judge Talesha L. |

| | | |
|---|---|---|
| | | Saint−Marc for proposed findings of fact and a recommendation as to its disposition. Any such findings and recommendations shall be filed with the Court and a copy shall forthwith be served on all parties. (ko) (Entered: 11/20/2024) |
| 11/22/2024 | 14 | AMENDED COMPLAINT against All Defendants with jury demand *KRATZENBERGS AMENDED COMPLAINT AGAINST ALL DEFENDANTS* filed by Eric Kratzenberg.(Kratzenberg, Eric) (Entered: 11/22/2024) |
| 11/25/2024 | 15 | AMENDED COMPLAINT against All Defendants with jury demand *KRATZENBER'S CORRESTED AMENDED COMPLAINT* filed by Eric Kratzenberg.. Complaint includes a claim under the NH Consumer Protection Act. A copy of the Complaint has been sent to the NH Attorney General via an automatic Notice of Electronic filing.(Kratzenberg, Eric) (Entered: 11/25/2024) |
| 11/25/2024 | 16 | OBJECTION to 13 MOTION to Dismiss for Failure to State a Claim *KRATZENBERG'S MOTION TO STRIKE DEFENDANTS RULE 12 MOTION TO DISMISS AS MOOT AND VEXATIOUS* filed by Eric Kratzenberg. Follow up on Reply on 12/2/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Kratzenberg, Eric) (Entered: 11/25/2024) |
| 11/25/2024 | 17 | Emergency MOTION to Strike 13 Motion to Dismiss for Failure to State a Claim, *KRATZENBERG'S MOTION TO STRIKE AS MOOT DEFENDANTS MOTION TO DISMISS AS AMENDED COMPLAINT UNDER RULE 15 HAS BEEN TIMELY FILED WITH THE COURT* filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 12/9/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 11/25/2024) |
| 11/25/2024 | | NOTICE of ECF Filing Error re: 17 Emergency MOTION to Strike 13 Motion to Dismiss for Failure to State a Claim, *KRATZENBERG'S MOTION TO STRIKE AS MOOT DEFENDANTS MOTION TO DISMISS AS AMENDED COMPLAINT UNDER RULE 15 HAS BEEN TIMELY FILED WITH THE COURT* filed by Eric Kratzenberg. Filed wrong PDF document. Document no. 17 is duplicative to document no. 16 . Filer shall refile and add to docket text: *Replaces document no.* 17. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603−225−1423.Compliance Deadline set for 12/2/2024.(ko) (Entered: 11/25/2024) |
| 11/26/2024 | 18 | MOTION for Judgment on the Pleadings *PLAINTIFFS PETITION FOR PARTIAL JUDGMENT ON THE PLEADINGS: RETURN OF HIS FILING FEE FOR APPELLATE REVIEW* filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 12/10/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) Modified on 3/24/2025 to terminate (ko). (Entered: 11/26/2024) |
| 12/02/2024 | 19 | MOTION to Dismiss for Failure to State a Claim *as to Amended Complaint* filed by NH Supreme Court, Chief Justice, NH Supreme Court.Follow up on Objection on 12/16/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Memorandum of Law in support of Motion to Dismiss, # 2 Exhibit Exhibit A to MOL − NH Supreme Court Order)(Bond, Christopher) (Entered: 12/02/2024) |
| 12/02/2024 | 20 | OBJECTION to 18 MOTION for Judgment on the Pleadings *PLAINTIFFS PETITION FOR PARTIAL JUDGMENT ON THE PLEADINGS: RETURN OF HIS FILING FEE FOR APPELLATE REVIEW* filed by NH Supreme Court, Chief Justice, NH Supreme Court. Follow up on Reply on 12/9/2024. The court only follow up date DOES NOT |

| | | |
|---|---|---|
| | | include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Bond, Christopher) (Entered: 12/02/2024) |
| 12/04/2024 | 21 | **ORDER denying without prejudice re 13 Motion to Dismiss for Failure to State a Claim. So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)** (Entered: 12/04/2024) |
| 12/05/2024 | | **ENDORSED ORDER denying as moot 17 Emergency MOTION to Strike 13 Motion to Dismiss for Failure to State a Claim, KRATZENBERG'S MOTION TO STRIKE AS MOOT DEFENDANTS MOTION TO DISMISS AS AMENDED COMPLAINT UNDER RULE 15 HAS BEEN TIMELY FILED WITH THE COURT. *Text of Order: Given the court has denied the motion to dismiss (doc. no. 13) without prejudice, the Emergency Motion to Strike the Motion to Dismiss for Failure to State a Claim (doc. no. 17) is denied as moot.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. (ko)** (Entered: 12/05/2024) |
| 12/18/2024 | | Notice regarding 18 MOTION for Judgment on the Pleadings *PLAINTIFFS PETITION FOR PARTIAL JUDGMENT ON THE PLEADINGS: RETURN OF HIS FILING FEE FOR APPELLATE REVIEW*, 19 MOTION to Dismiss for Failure to State a Claim *as to Amended Complaint*: Pursuant to Local Rule 72.1, this motion has been referred to Magistrate Judge Talesha L. Saint−Marc for proposed findings of fact and a recommendation as to its disposition. Any such findings and recommendations shall be filed with the Court and a copy shall forthwith be served on all parties. (ko) (Entered: 12/18/2024) |
| 12/18/2024 | 22 | Emergency MOTION to Extend Time to Object/Respond to 19 MOTION to Dismiss for Failure to State a Claim *as to Amended Complaint* to Monday 23 December 2024 filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 1/2/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 12/18/2024) |
| 12/23/2024 | 23 | Emergency MOTION to Extend Time to Object/Respond to 19 MOTION to Dismiss for Failure to State a Claim *as to Amended Complaint* to 30 December 2024 filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 1/6/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 12/23/2024) |
| 12/26/2024 | | **ENDORSED ORDER granting 23 Emergency MOTION to Extend Time to Object/Respond to 19 MOTION to Dismiss for Failure to State a Claim as to Amended Complaint to 30 December 2024. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Follow up on Objection on 12/30/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb)** (Entered: 12/26/2024) |
| 01/02/2025 | 24 | OBJECTION to 19 MOTION to Dismiss for Failure to State a Claim *as to Amended Complaint PLAINTIFFS FIRST OPPOSITION TO THE RULE 12 MOTION OF DEFENDANTS TO DISMISS HIS AMENDED COMPLAINT* filed by Eric Kratzenberg. Follow up on Reply on 1/9/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Kratzenberg, Eric) (Entered: 01/02/2025) |
| 02/14/2025 | | **ENDORSED ORDER denying as moot re 22 Emergency Motion to Extend Time to Object/Respond to 19 MOTION to Dismiss for Failure to State a Claim as to Amended Complaint to Monday 23 December 2024. *Text of Order: Denied as moot.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)** (Entered: |

| | | |
|---|---|---|
| | | 02/14/2025) |
| 03/06/2025 | | **ENDORSED REPORT AND RECOMMENDATION recommending that Plaintiff's Petition for Partial Judgment on the Pleadings (Doc. No. 18 ) be DENIED WITHOUT PREJUDICE as premature. Text of Report and Recommendation: Self−represented plaintiff, Eric Kratzenberg, moves for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. By his motion, Mr. Kratzenberg seeks an order directing defendants, the New Hampshire Supreme Court and its Chief Justice, Gordon Macdonald, to refund him a $225 fee that Mr. Kratzenberg paid to file an appeal of a judgment denying his petition to modify his child support and alimony obligations in a post−divorce domestic relations proceeding. Defendants argue that the motion should be denied as premature because they have not yet filed an Answer in the case. This court agrees. "Motions for judgment on the pleadings may be filed [a]fter the pleadings are closed." Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 42 n.3 (1st Cir. 2017) (quoting Fed. R. Civ. P. 12(c)). See also Davis v. Theriault, No. 1:22−cv−00275−JCN, 2024 WL 3691617, at *3 (D. Me. Aug. 7, 2024) ("The proper time to file a motion for judgment on the pleadings is [a]fter the pleadings are closed." (quoting Fed. R. Civ. P. 12(c)). "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed." McGuigan v. Conte, 629 F. Supp. 2d 76, 80 (D. Mass. 2009) (alteration in original) (quoting Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005)). In this case, defendants filed a motion to dismiss but have not yet filed an Answer. Accordingly, plaintiff's Rule 12(c) motion is premature. See Doe, 419 F.3d at 1061 (finding that plaintiff's motion for judgment on the pleadings was premature and should have been denied where motion was filed after defendant moved to dismiss but before defendant filed an answer). The district judge should deny Plaintiff's Petition for Partial Judgment on the Pleadings (Doc. No. 18) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The fourteen−day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos−Santos v. Torres−Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation 'are subject to review in the district court' and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Secy of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)). So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Follow up on Objections to R&R on 3/20/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (ko)** (Entered: 03/07/2025) |
| 03/24/2025 | 25 | **ORDER approving Endorsed Report and Recommendation. So Ordered by Judge Joseph N. Laplante.(ko)** (Entered: 03/24/2025) |
| 04/30/2025 | 26 | **REPORT AND RECOMMENDATION re 19 Motion to Dismiss for Failure to State a Claim, recommending the district judge grant defendants' Motion to Dismiss Amended Complaint (Doc. No. 19). Follow up on Objections to R&R on 5/14/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(jwb)** (Entered: 04/30/2025) |
| 05/13/2025 | 27 | Emergency MOTION to Extend Time to Object/Respond to 26 REPORT AND RECOMMENDATION re 19 Motion to Dismiss for Failure to State a Claim,, |

| | | |
|---|---|---|
| | | recommending For all the reasons detailed herein, this court recommends that the district judge grant defendants Motion to Dismiss Amended Complaint (Doc. No. 19).. to 19 May 2025 *EMERGENCY PETITION TO EXTEND TO 19 MAY 2025 THE DEADLINE FOR PLAINTIFF TO RESPOND TO MAGISTRATES REPORT* filed by Eric Kratzenberg.Follow up on Objection on 5/27/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 05/13/2025) |
| 05/14/2025 | | ACTION REQUIRED − NOTICE Nonconforming Document re 27 Emergency MOTION to Extend Time to Object/Respond to 26 REPORT AND RECOMMENDATION re 19 Motion to Dismiss for Failure to State a Claim, recommending For all the reasons detailed herein, this court recommends that the district judge grant defend filed by Eric Kratzenberg. The document fails to comply with LR 7.1−No statement of concurrence was included. File statement as addendum using the Other Documents/Addendum event and link filing(s) to document no. 27. The document will remain on file. Please note that unless a document curing the defect is filed by the Notice of Compliance Deadline the matter may be referred to a judicial officer for appropriate action. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603−225−1423.Compliance Deadline set for 5/16/2025.(ko) (Entered: 05/14/2025) |
| 05/15/2025 | | **ENDORSED ORDER granting 27 Emergency MOTION to Extend Time to Object/Respond to 26 REPORT AND RECOMMENDATION re 19 Motion to Dismiss for Failure to State a Claim, recommending For all the reasons detailed herein, this court recommends that the district judge grant defendants Motion to Dismiss Amended Complaint (Doc. No. 19). to 19 May 2025 EMERGENCY PETITION TO EXTEND TO 19 MAY 2025 THE DEADLINE FOR PLAINTIFF TO RESPOND TO MAGISTRATES REPORT. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Follow up on Objection on 5/19/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)** (Entered: 05/15/2025) |
| 05/19/2025 | 28 | OBJECTION to 26 Report and Recommendation *PLAINTIFFS OPPOSITION TO THE MAGISTRATES REPORT RECOMMENDING THAT THE COURT DISMISS ALL MY CLAIMS AGAINST THE DEFENDANTS* filed by Eric Kratzenberg. (Kratzenberg, Eric) (Entered: 05/19/2025) |
| 05/20/2025 | 29 | AFFIDAVIT re 28 Objection to Report and Recommendation, Order on Motion to Extend Time to Object/Respond,, *Declaration of Eric Kratzenberg* filed by Eric Kratzenberg(Kratzenberg, Eric) (Entered: 05/20/2025) |
| 05/30/2025 | 30 | **///ORDER granting 19 Motion to Dismiss for Failure to State a Claim; approving 26 Report and Recommendation. So Ordered by Judge Joseph N. Laplante.(jwb)** (Entered: 05/30/2025) |
| 05/30/2025 | 31 | **JUDGMENT is hereby entered in accordance with 30 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendation. Signed by Tracy A. Uhrin, Clerk of Court. *(Case Closed)* Case includes a claim under the NH Consumer Protection Act. A copy of the Judgment has been sent to the NH Attorney General via an automatic Notice of Electronic filing.(jwb)** (Entered: 05/30/2025) |
| 06/29/2025 | 32 | Emergency MOTION to Extend Time to 7 JULY 2025 *PLAINTIFFS PETITION TO EXTEND TO 7 JULY 2025 THE DEADLINE FOR FILING FRCP RULE 59 MOTION* |

| | | |
|---|---|---|
| | | *AND MOTION FOR MORE DEFINITIVE RULING* filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 7/14/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(Kratzenberg, Eric) (Entered: 06/29/2025) |
| 07/07/2025 | | **ENDORSED ORDER granting 32 Motion to Extend to 7 July 2025 the Deadline for Filing FRCP Rule 59 Motion and Motion for More Definitive Ruling.** ***Text of Order: This matter is before the court on plaintiff's motion for an extension of time to file a motion to alter or amend the judgment pursuant Fed. R. Civ. P. 59(e). In light of the July 4 holiday, the motion is granted and the deadline for plaintiff to file his motion shall be extended to July 14, 2025.*** **So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)** (Entered: 07/07/2025) |
| 07/13/2025 | 33 | MOTION for Reconsideration re 31 Judgment, 30 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendation *and Motion to File Amended Complaint* filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 7/28/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Porposed Complaint)(Kratzenberg, Eric) (Entered: 07/13/2025) |
| 07/13/2025 | 34 | MOTION to Amend 31 Judgment, 33 MOTION for Reconsideration re 31 Judgment, 30 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendation *and Motion to File Amended Complaint*, 30 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendation *Motion to Amend Complaint with Exhibit of Proposed Amedned Complaint* filed by Eric Kratzenberg. **HEARING REQUESTED.**Follow up on Objection on 7/28/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (Attachments: # 1 Exhibit Proposes Amended Complaint)(Kratzenberg, Eric) (Entered: 07/13/2025) |
| 07/25/2025 | 35 | Objection to 34 MOTION to Amend 31 Judgment, 33 MOTION for Reconsideration re 31 Judgment, 30 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendation *and Motion to File Amended Complaint*, 30 Order on Mo filed by NH Supreme Court, NH Supreme Court, Chief Justice. (Bond, Christopher) (Entered: 07/25/2025) |
| 10/23/2025 | 36 | **ORDER denying 33 Motion for Reconsideration Re: 31 Judgment, 30 Order on Motion to Dismiss for Failure to State a Claim, Order on Report and Recommendation; denying 34 Motion to Amend.**<br><br>*For all the reasons detailed herein, "Plaintiff's FRCP Rules 15 and 59 Petition[s] for th[e] Court to Revise its Judgment of Dismissal and Accept Kratzenberg's Amended Complaint (Doc. Nos. 33 and 34) are denied.* So Ordered by Judge Joseph N. Laplante.(jwb)<br><br>(Entered: 10/23/2025) |
| 11/20/2025 | 37 | NOTICE of NOTICE OF APPEAL *KRATZENBERGS NOTICE OF APPEAL: THERE WILL BE JUSTICE!!!* by Eric Kratzenberg.(Kratzenberg, Eric) (Entered: 11/20/2025) |
| 11/24/2025 | | NOTICE of ECF Filing Error re: 37 Notice (Other) filed by Eric Kratzenberg. Filer used wrong event. Filer shall refile using the *Appeal Documents/Notice of Appeal* event and enter in docket text: *Replaces document no. 37*. If the filing party has any questions concerning this notice, please contact the judge's case manager at |

| | | |
|---|---|---|
| | | 603−225−1423.Compliance Deadline set for 12/1/2025.(ko) (Entered: 11/24/2025) |
| 12/30/2025 | 38 | Appeal Cover Sheet re 37 Notice of Appeal.(ko) (Entered: 12/30/2025) |
| 12/30/2025 | 39 | NOTICE of Clerk's Certificate to Circuit Court of Appeals re 37 Notice of Appeal.(ko) (Entered: 12/30/2025) |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

APPEAL COVER SHEET

1. USDC/NH Case No. 24-cv-205-JL-TSM

2. TITLE OF CASE: Eric Kratzenberg v. NH Supreme Court, Chief Justice

3. TYPE OF CASE: Civil

4. NAME OF APPELLANT(S) & COUNSEL FOR APPELLANT(S):
See certified copy of docket (ECF registered users not provided with a copy of docket)

5. NAME OF APPELLEE(S) & COUNSEL FOR APPELLEE(S):
See certified copy of docket (ECF registered users not provided with a copy of docket)

6. NAME OF JUDGE: Judge Joseph Laplante

7. DATE OF JUDGMENT OR ORDER ON APPEAL: **October 23, 2025**

8. DATE OF NOTICE OF APPEAL: **November 20, 2025**

9. FEE PAID or IFP: NO

10. COURT APPOINTED COUNSEL: Not Applicable

11. COURT REPORTER(S): and DATES: NONE

12. TRANSCRIPTS ORDERED/ON FILE: NO

13. HEARING/TRIAL EXHIBITS: NO

14. MOTIONS PENDING: NO

15. GUIDELINES CASE: NO

16. RELATED CASES or CROSS APPEAL: NO

17. SPECIAL COMMENTS: NO

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eric Kratzenberg

v. No. 24-cv-205-JL-TSM

NH Supreme Court, Chief Justice, et al.

CLERK'S CERTIFICATE TO
CIRCUIT COURT OF APPEALS

I, Kellie Otis, Deputy Clerk of the United States District Court for the District of New Hampshire, do hereby certify that the following documents constitute the record on appeal to the First Circuit Court of Appeals:

DOCUMENTS NUMBERED: Endorsed Orders dated 9/4/2024, 10/1/2024, 10/8/2024, 10/9/2024, 12/4/2024, 12/5/2024, 12/26/2024, 2/14/2025, 3/6/2025, 3/24/2025, 4/30/2025, 5/15/2025, 5/30/2025, 7/7/2025, 10/23/2025.

The Clerk's Office hereby certifies the record and docket sheet available through ECF to be the certified record and the certified copy of the docket entries.

IN TESTIMONY WHEREOF, I hereunto set my hand and affix the seal of said Court, at Concord, in said District, on this day, December 30, 2025

**Tracy Uhrin, Clerk**

**By: /s/ Kellie Otis, Deputy Clerk**

**Dec 30, 2025**

cc: Eric Kratzenberg, pro se
Christopher George Bond, Esq.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

1:24-cv-00205-JL-TSM

ERIC KRATZENBERG, as *Plaintiff*

V.

GORDON MACDONALD, *et al.*, as *Defendants*

20 November 2025

---

PLAINTIFF'S NOTICE OF APPEAL

---

I — Plaintiff Eric Kratzenberg — SPEAKS:

I NOTIFY the Court that I am APPEALING every order issued by the Court in the instant action including its order dismissing all my claims against the Defendants.

**Summary**

See ya at the Supreme Court and at Rule 60.

By:
/s/ Eric Kratzenberg

Erick Kratzenberg
PO Box 162
Peterborough NH 03458
603-320-9019
ekratz314@protonmail.me

CERTIFICATE OF SERVICE: The undersigned hereby certifies that a true copy of the above document was served on the Defendants via ECF. /s/ Eric Kratzenberg

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 11/24/2025 at 1:31 PM EST and filed on 11/24/2025

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **WARNING: CASE CLOSED on 05/30/2025** | |
| **Document Number:** | No document attached |

**Docket Text:**
**NOTICE of ECF Filing Error re: [37] Notice (Other) filed by Eric Kratzenberg. Filer used wrong event. Filer shall refile using the *Appeal Documents/Notice of Appeal* event and enter in docket text: *Replaces document no. 37*. If the filing party has any questions concerning this notice, please contact the judge's case manager at 603−225−1423.Compliance Deadline set for 12/1/2025.(ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 9/4/2024 at 10:09 AM EDT and filed on 9/4/2024

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER granting re [6] Motion to Participate in Electronic Filing. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. (ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

Eric Kratzenberg
PO Box 162
Peterborough, NH 03458

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 10/2/2024 at 10:22 AM EDT and filed on 10/1/2024

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER granting in part [7] MOTION to Extend Time to Answer to October 14, 2024 re [1] Complaint.** ***Text of Order: Granted. Although LR 4.3(d)(3) requires that the magistrate judge conduct a preliminary review to determine whether the court has subject matter jurisdiction, nothing in the rule explicitly affects any pertinent provision or requirement of the Federal Rules of Civil Procedure or any other federal law, including, but not limited to, Fed. R. Civ. P. 12. The magistrate judge completed the required subject matter review. Given the parties apparent confusion regarding LR 4.3(d)(3), and defendants' timely filed motion to extend (Doc. no. [7]), the court grants in part, defendants' request for an extension of time to respond to the complaint. Defendants' responsive pleading shall be due on or before November 1, 2024.*** **So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Answer Follow Up on 11/1/2024. (jb)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 10/8/2024 at 3:09 PM EDT and filed on 10/8/2024

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER mooting re [8] Emergency Motion for Default as to Petition to Default the Defendants for Failing to File any Response to the Pleadings are Required within twenty one days by the Summons. *Text of Order: Moot.* So Ordered by Judge Joseph N. Laplante. (ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 10/9/2024 at 1:59 PM EDT and filed on 10/9/2024

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER denying re [9] Emergency MOTION for Subpoena for PETITION FOR A SUBPOENA TO BE SERVED ON THE NH ADMINISTRATIOON OFFICE OF THE COURTS TO OBTAIN THE RESIDENCE ADDESS OF DEFENDANT MACDONALS AND THE CLERK OF COURT TO HAVE THE SUMMONS SERVED IN ABODE ON THEM SINCE THEY RE EVADING SERVICE. *Text of Order: Denied.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

ERIC KRATZENBERG

v. Civil No. 24-cv-205-JL-TSM

NEW HAMPSHIRE SUPREME COURT, ET AL.

**ORDER**

On November 1, 2024, defendants, the New Hampshire Supreme Court (NHSC) and the Honorable Gordon J. MacDonald, in his official capacity as the Chief Justice of the NHSC, filed a motion to dismiss (doc. no. 13) self-represented plaintiff, Eric Kratzenberg's lawsuit. On November 22, 2024, plaintiff filed an Amended Complaint (doc. no. 14) as of right. See Fed. R. Civ. P. 15(a)(1)(B). Plaintiff subsequently filed a corrected Amended Complaint (doc. no. 15) on November 25, 2024. In accordance with LR 15.1(c), defendants' pending Motion to Dismiss for Failure to State a Claim is denied without prejudice. Defendant(s) shall respond to the corrected Amended Complaint (doc. no. 14) as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a).

**SO ORDERED.**

Talesha L. Saint-Marc
United States Magistrate Judge

December 4, 2024

cc: Eric Kratzenberg, pro se
Christopher George Bond, Esq.

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 12/5/2024 at 4:48 PM EST and filed on 12/5/2024

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER denying as moot [17] Emergency MOTION to Strike [13] Motion to Dismiss for Failure to State a Claim, KRATZENBERG'S MOTION TO STRIKE AS MOOT DEFENDANTS MOTION TO DISMISS AS AMENDED COMPLAINT UNDER RULE 15 HAS BEEN TIMELY FILED WITH THE COURT. *Text of Order: Given the court has denied the motion to dismiss (doc. no. 13) without prejudice, the Emergency Motion to Strike the Motion to Dismiss for Failure to State a Claim (doc. no. 17) is denied as moot.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. (ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 12/26/2024 at 2:56 PM EST and filed on 12/26/2024

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**ENDORSED ORDER granting [23] Emergency MOTION to Extend Time to Object/Respond to 19 MOTION to Dismiss for Failure to State a Claim as to Amended Complaint to 30 December 2024. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Follow up on Objection on 12/30/2024. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(jb)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 2/14/2025 at 9:54 AM EST and filed on 2/14/2025

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER denying as moot re [22] Emergency Motion to Extend Time to Object/Respond to [19] MOTION to Dismiss for Failure to State a Claim as to Amended Complaint to Monday 23 December 2024. *Text of Order: Denied as moot.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 3/7/2025 at 10:57 AM EST and filed on 3/6/2025

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**ENDORSED REPORT AND RECOMMENDATION recommending that Plaintiff's Petition for Partial Judgment on the Pleadings (Doc. No. [18]) be DENIED WITHOUT PREJUDICE as premature. Text of Report and Recommendation: Self−represented plaintiff, Eric Kratzenberg, moves for partial judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. By his motion, Mr. Kratzenberg seeks an order directing defendants, the New Hampshire Supreme Court and its Chief Justice, Gordon Macdonald, to refund him a $225 fee that Mr. Kratzenberg paid to file an appeal of a judgment denying his petition to modify his child support and alimony obligations in a post−divorce domestic relations proceeding. Defendants argue that the motion should be denied as premature because they have not yet filed an Answer in the case. This court agrees. "Motions for judgment on the pleadings may be filed [a]fter the pleadings are closed." Rezende v. Ocwen Loan Servicing, LLC, 869 F.3d 40, 42 n.3 (1st Cir. 2017) (quoting Fed. R. Civ. P. 12(c)). See also Davis v. Theriault, No. 1:22−cv−00275−JCN, 2024 WL 3691617, at *3 (D. Me. Aug. 7, 2024) ("The proper time to file a motion for judgment on the pleadings is [a]fter the pleadings are closed." (quoting Fed. R. Civ. P. 12(c)). "[T]he pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have been filed." McGuigan v. Conte, 629 F. Supp. 2d 76, 80 (D. Mass. 2009) (alteration in original) (quoting Doe v. United States, 419 F.3d 1058, 1061 (9th Cir. 2005)). In this case, defendants filed a motion to dismiss but have not yet filed an Answer. Accordingly, plaintiff's Rule 12(c) motion is premature. See Doe, 419 F.3d at 1061 (finding that plaintiff's motion for judgment on the pleadings was premature and should have been denied where motion was filed after defendant moved to dismiss but before defendant filed an answer). The district judge should deny Plaintiff's Petition for Partial Judgment on the Pleadings (Doc. No. 18) without prejudice. Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The**

**fourteen−day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos−Santos v. Torres−Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation 'are subject to review in the district court' and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Secy of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)). So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Follow up on Objections to R&R on 3/20/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c). (ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eric Kratzenberg

v. Case No. 24-cv-205-JL-TSM

NH Supreme Court, Chief Justice

ORDER

No objection having been filed, I herewith approve the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated March 6, 2025. "'[O]nly those issues fairly raised by the objections to the magistrate's report are subject to review in the district court and those not preserved by such objection are precluded on appeal.'" School Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Secretary of Health & Human Servs., 848 F.2d 271, 275 (1st Cir.1988)); see also United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986) (after proper notice, failure to file a specific objection to magistrate's report will waive the right to appeal).

Joseph N. Laplante
United States District Judge

Date: March 24, 2025

cc: Eric Kratzenberg, pro se
Christopher George Band, Esq.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

ERIC KRATZENBERG

v. Case No. 24-cv-205-JL-TSM

NEW HAMPSHIRE SUPREME
COURT, et al.

**REPORT AND RECOMMENDATION**
**ON DEFENDANTS' MOTION TO DISMISS**

Self-represented plaintiff, Eric Kratzenberg ("Kratzenberg"), brings this civil rights action against the New Hampshire Supreme Court ("NHSC") and its Chief Justice, Gordon MacDonald (the "Chief Justice"), in his individual and official capacities, claiming that defendants violated his constitutional and state law rights by declining to accept his appeal from a decision denying his petition to modify his child support and alimony obligations in a post-divorce domestic relations proceeding. The matter is before the undersigned magistrate judge for a Report and Recommendation on defendants' Motion to Dismiss Amended Complaint (Doc. No. 19) pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. In support of their motion, defendants argue that the court lacks subject matter jurisdiction over Kratzenberg's claims under the Rooker-Feldman doctrine, which "precludes federal jurisdiction over a challenge to a state court judgment to which the challenger was a party." Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). They further argue that even if subject matter jurisdiction exists, the motion should be granted for failure to state a claim because defendants are immune from suit on the basis of sovereign and absolute judicial immunity. Kratzenberg opposes the motion. For all the reasons detailed herein, the district judge should grant defendants' motion to dismiss.

## LEGAL STANDARD

### I. Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants move to dismiss Kratzenberg's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). When faced with such a motion, the court's review is "similar to that accorded a [motion to dismiss] for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)." Murphy v. United States, 45 F.3d 520, 522 (1st Cir. 1995). The court must "construe the Complaint liberally and treat all well-pleaded facts as true, according the plaintiff the benefit of all reasonable inferences." Id. Additionally, the court may consider materials outside the complaint to the extent they shed light on the jurisdictional analysis. See Gonzalez v. United States, 284 F.3d 281, 288 (1st Cir. 2002) ("While the court generally may not consider materials outside the pleadings on a Rule 12(b)(6) motion, it may consider such materials on a Rule 12(b)(1) motion"). Where, as here, the plaintiff is self-represented, "the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). However, the court is not required "to 'credit bald assertions, subjective characterizations, . . . problematic suppositions,' or 'empirically unverifiable conclusions, not logically compelled, or at least supported, by the stated facts' in the complaint." Peterson v. United States, 774 F. Supp. 2d 418, 421 (D.N.H. 2011) (quoting Sea Shore Corp. v. Sullivan, 158 F.3d 51, 54 (1st Cir. 1998)).

"[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence." Murphy, 45 F.3d at 522 (quoting Taber Partners, I v. Merit Builders, Inc., 987 F.2d 57, 60 (1st Cir. 1993)). In this case, therefore, the burden of establishing subject matter jurisdiction lies with Kratzenberg.

## II. Motion to Dismiss for Failure to State a Claim

Defendants also move to dismiss the complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Like a motion to dismiss under Rule 12(b)(1), a Rule 12(b)(6) motion to dismiss requires the court to "take the complaint's well-pled (*i.e*, non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor[.]" Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012). The court is entitled to "augment these facts and inferences with data points gleaned from documents incorporated by reference into the complaint, matters of public record, and facts susceptible to judicial notice." Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011). "To survive dismissal, . . . the complaint must 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Barchock v. CVS Health Corp., 886 F.3d 43, 48 (1st Cir. 2018) (quoting SEC v. Tambone, 597 F.3d 436, 437 (1st Cir. 2010)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the conduct alleged.'" Office of Pub. Guardian v. Elliot Hosp., 626 F. Supp. 3d 520, 527 (D.N.H. 2022) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).

## BACKGROUND[1]

### *The Parties*

Plaintiff Kratzenberg is a nationally respected electrical engineer who resides in New Hampshire. Doc. No. 15 at ¶ 16. Defendant MacDonald serves as the Chief Justice of the NHSC.

[1] The background facts described herein, which are accepted as true for purposes of defendants' motion to dismiss, are based on the Corrected Amended Complaint for Declaratory, Injunctive & Compensatory Relief (Doc. No. 15) and the New Hampshire Supreme Court order dated February 20, 2024 (Doc. No. 19-2), which defendants submitted in support of their motion to dismiss. In their Memorandum of Law in support of their motion, defendants cite the Amended Complaint for Declaratory, Injunctive & Compensatory Relief (Doc. No. 14), which was filed on November 22, 2024, rather than the Corrected Amended Complaint, which was filed on November 25, 2024.

Id. at ¶ 17. Kratzenberg filed this action against the NHSC and the Chief Justice after the NHSC issued an order declining to accept Kratzenberg's mandatory appeal from a decision denying his petition to modify his child support and alimony obligations in a post-divorce domestic relations matter. See Doc. No. 15 at ¶¶ 1-2, 23-24. He asserts that the Chief Justice "is being sued for acting in his role as the chief administrator of the NHSC[,]" and he names the Chief Justice in both his individual and official capacities "as the chief judge and administrator of the [NHSC]."[2] Id. at ¶¶ 1, 17.

***Kratzenberg's Appeal to the State Supreme Court***

The events giving rise to this litigation began with the proceedings regarding Kratzenberg's no-fault divorce from his former spouse in or around 2021. See id. at ¶¶ 3, 15. Plaintiff alleges that in connection with his divorce proceedings, he gave his former spouse sole, unencumbered ownership of the couple's former family home, which sits on four acres of land and has an appraised value of approximately $400,000. Id. at ¶ 13. Additionally, the court overseeing the couple's divorce (the "Divorce Court") entered a judgment requiring Kratzenberg to pay his former spouse hundreds of thousands of dollars in alimony over a ten-year time period. See id. at ¶¶ 3, 13-14, 23. The Divorce Court based its decision regarding the alimony obligation on the state divorce statute in effect at the time, even though Kratzenberg claims "that his marriage contract with the former spouse was entered into by him under the explicit understanding that if he decided

---

Although the Corrected Amended Complaint corrects some of the paragraph numbering and contains some minor language changes to the heading of Count II and to Kratzenberg's Prayer for Relief, the alleged facts remain the same and there is no substantive distinction between the two versions of the complaint. Therefore, this court has construed defendants' motion as a motion to dismiss the more recent, Corrected Amended Complaint.

[2] Although Kratzenberg named the Chief Justice in both his individual and official capacities, see Doc. No. 15 at ¶ 17, he alleges no facts describing the Chief Justice's individual conduct or distinguishing the Chief Justice's actions from those of the NHSC.

to seek a divorce it would be done under the explicit terms of the Divorce Statute active on the date of his entering his said marriage contract." See id. at ¶¶ 3-4. According to plaintiff, the version of the divorce statute in effect at the time of his marriage called for alimony payments that were far less burdensome than the payments required under the version of the statute that was in effect at the time of his divorce. Id. at ¶ 37.

In 2023, Kratzenberg suffered undefined "setbacks" that entitled him to a reduction of his alimony obligations under the terms of the Divorce Court judgment. Id. at ¶ 14. However, the Divorce Court denied plaintiff's request to modify his payments. Id. at ¶ 22. Accordingly, on January 16, 2024, Kratzenberg filed a notice of mandatory appeal pursuant to Rule 7 of the New Hampshire Supreme Court Rules (the "NHSC Rules"). See id. at ¶¶ 2, 23; Doc. No. 19-2. He also paid the required appellate filing fee of $450. Doc. No. 15 at ¶¶ 7, 11.

***The Supreme Court's Denial of Plaintiff's Appeal***

On February 20, 2024, the NHSC issued an order rejecting plaintiff's mandatory appeal. As the NHSC order provided in substantive part:

> On January 16, 2024, Eric Kratzenberg filed a Rule 7 notice of mandatory appeal. The appeal is from a decision for a petition to modify child support and alimony filed in a post-divorce domestic relations matter. Supreme Court Rule 3 excepts from the definition of "mandatory appeal" an appeal from a final decision on the merits, other than the first final order, issued on, or arising out of, a domestic relations matter filed under RSA Title XLIII (RSA chapters 457 to 461-A). Accordingly, this appeal is not a "mandatory appeal" under Rule 3.
>
> This is a discretionary appeal, and, therefore, the court has discretion to decline to accept the appeal or any question raised therein. See Rule 7(1)(B). Because the notice of discretionary appeal form provides more information than the notice of mandatory appeal form, Eric Kratzenberg may wish to refile the appeal on a notice of discretionary appeal form before the court screens the appeal to determine whether to accept or decline the case. Accordingly, on or before March 1, 2024, Eric Kratzenberg may refile the appeal on a notice of discretionary appeal form.

> The notice of discretionary appeal form (NHJB-2297-SUP) is available at https://www.courts.nh.gov/our-courts/supreme-court/forms.

Doc. No. 19-2. Kratzenberg did not file a notice of discretionary appeal. See Doc. No. 15 at ¶¶ 2, 23-25. Therefore, he was unable to pursue his appeal. See id.

***The Instant Litigation***

Kratzenberg initiated this action against the NHSC and its Chief Justice on July 9, 2024. Doc. No. 1. In his Corrected Amended Complaint ("Complaint"), which is the operative complaint in this case, Kratzenberg alleges that defendants' conduct relating to his appeal from the Divorce Court judgment violated his constitutional and state law rights. Specifically, in Count I, plaintiff asserts that defendants' adoption of NHSC Rules 3 and 7, on which the NHSC relied in denying his mandatory appeal, violated his constitutional right to petition the court for appellate review. Doc. No. 15 at ¶¶ 20-30. In Count II, he alleges that the enforcement of the New Hampshire divorce statute against him constituted an unconstitutional taking of his property without just compensation. Id. at ¶ 32. He also claims that the divorce statute violated his constitutional rights to due process and equal protection. Id. at ¶ 34. In Count III, Kratzenberg claims that he was deprived of his rights under Article 23 of the New Hampshire Constitution, which prohibits the retroactive application of the divorce statute. Id. at ¶¶ 36-37. Finally, in Count IV, Kratzenberg alleges that defendants "breached [their] contract to supply him appellate review services in exchange for [the] 'filing fee.'" Id. at ¶ 39. In his request for relief, plaintiff seeks a declaratory judgment, a permanent injunction, and compensatory damages in the form of a $450 refund of his appellate filing fee. Id. at pg. 12. Defendants argue that the court lacks subject matter jurisdiction over any of these claims under the Rooker-Feldman doctrine and, even if that doctrine does not

apply, the amended complaint should be dismissed because defendants are immune from suit. Doc. No. 19-1 at 5-10.

## DISCUSSION

### I. The Rooker-Feldman Doctrine

#### A. Nature and Scope of the Rooker-Feldman Doctrine

"The Rooker-Feldman doctrine preserves the Supreme Court's exclusive jurisdiction over appeals from final state-court judgments by divesting lower federal courts of jurisdiction to hear certain cases brought by parties who have lost in state court[.]" Klimowicz v. Deutsche Bank Nat'l Trust Co., 907 F.3d 61, 64 (1st Cir. 2018) (internal quotations and citations omitted). The doctrine applies "where 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'" Federación de Maestros de P.R. v. Junta de Relaciones del Trabajo de P.R., 410 F.3d 17, 23-24 (1st Cir. 2005) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)). Thus, "if federal litigation is initiated *after* state proceedings have ended, and the plaintiff implicitly or explicitly seek[s] review and rejection of [the state] judgment, then a federal suit seeking an opposite result is an impermissible attempt to appeal the state judgment to the lower federal courts, and, under *Rooker-Feldman*, the federal courts lack jurisdiction." Id. at 24 (emphasis and alterations in original) (internal quotations and citation omitted).

"[A] federal court's application of the Rooker-Feldman doctrine is not contingent upon an identity between the issues actually litigated in the prior state-court proceedings and the issues proffered in the subsequent federal suit." Klimowicz, 907 F.3d at 66. Therefore, "a plaintiff cannot escape the Rooker-Feldman bar through the simple expedient of introducing a new legal theory in

the federal forum that was not broached in the state courts." Id. On the other hand, "the Rooker-Feldman doctrine does not bar a 'general attack on the constitutionality' of a state law that 'do[es] not require review of a judicial decision in a particular case.'" Tyler v. Sup. Jud. Ct. of Mass., 914 F.3d 47, 51 (1st Cir. 2019) (alteration in original) (quoting D.C. Ct. of Appeals v. Feldman, 460 U.S. 462, 487 (1983)). As long as the "federal plaintiff presents an independent claim" that is not "directed towards undoing the prior state judgment[,]" the doctrine presents no impediment to the court's subject matter jurisdiction. Id. (quotations and citations omitted).

In the instant case, defendants contend that Rooker-Feldman precludes subject matter jurisdiction over any of Kratzenberg's claims because "[t]he Plaintiff lost in the underlying post-divorce domestics relations matter, and all of his alleged injuries stem from the [state court's] decision relative to his alimony obligation[.]" Doc. No. 19-1 at pg. 6 (internal citation omitted). Kratzenberg disagrees, and argues that he is "NOT appealing any judgment from a NH district court or from a judgment by the [NHSC]." Doc. No. 24 at pg. 1 (emphasis in original). Rather, according to plaintiff, his case constitutes an "original proceeding" in which he challenges defendants' enforcement of administrative rules that denied him an equal opportunity to obtain appellate services from the NHSP, the retroactive application of New Hampshire's current divorce statute in his divorce proceedings, the constitutionality of the divorce statute under the United States and New Hampshire Constitutions, and defendants' failure to refund his appellate filing fee. See id. at pgs. 1-2. It is undisputed that plaintiff was the losing party in his state court domestic relations proceedings and that he did not file the present action until after the state proceedings ended. At issue is whether, by his claims, Kratzenberg "implicitly or explicitly 'seek[s] review

and rejection'" of the state court's judgment. Federación de Maestros de P.R., 410 F.3d at 24 (alteration in original) (quoting Exxon Mobil, 544 U.S. at 291).

B. Application of the Doctrine to Kratzenberg's Claims

i. *Counts II and III*

This court concludes that two of Kratzenberg's claims – Counts II and III – fall easily within the scope of the Rooker-Feldman doctrine. In Count II, Kratzenberg alleges that "the enforcement of RSA 458 ('NH Divorce Statute') against him by [the] NH Court System and the Defendants constitutes an unconstitutional 'taking' of his land and treasure by the state without providing him any benefit from the said loss" and "violates his constitutionally protected contract rights." Doc. No. 15 at ¶ 32. He further alleges that "[t]he NH Constitution protects his constitutional right not to have the current version of the Divorce Statute retroactively enforced against him in obtaining his divorce from his former spouse[,]" and that the Divorce Court's application of the statute in his domestic relations proceedings violated his constitutional rights to due process and equal protection. Id. at ¶ 34. In essence, therefore, Kratzenberg claims that the Divorce Court's judgment against him was unconstitutional under both state and federal law. Under the Rooker-Feldman doctrine, such a collateral attack on a state court's decision is not reviewable in federal court. See D'Angelo v. New Hampshire Sup. Ct., No. 12-cv-411-SM, 2012 WL 6647807, at *2 (D.N.H. Dec. 20, 2012) (concluding that the Rooker-Feldman doctrine deprived the federal court of jurisdiction over plaintiff's "efforts to collaterally attack various decisions of the state courts as 'unlawful' or 'unconstitutional'"), aff'd, 740 F.3d 802 (1st Cir. 2014). Accordingly, Count II of the Complaint should be dismissed.

Count III of the Complaint involves a similar challenge to the constitutionality of the Divorce Court's judgment in the underlying divorce proceedings. In Count III, Kratzenberg

alleges that Article 23 of the New Hampshire Constitution "prohibits retroactive enforcement of the current version of the Divorce Statute against Kratzenberg in his seeking to terminate the marriage contract between him and his former spouse." Doc. No. 15 at ¶ 36. He further alleges that the Divorce Court's reliance on the current version of that statute in his divorce proceedings, rather than the version of the statute that was in effect at the time he entered into his marriage contract, violated his state constitutional rights. See id. at ¶ 37. As in Count II, therefore, Kratzenberg essentially challenges the constitutionality of the Divorce Court's judgment in his divorce proceedings, and asks this court to determine that the judgment was improper. "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment." Tyler, 914 F.3d at 50 (quoting Hill v. Town of Conway, 193 F.3d 33, 39 (1st Cir. 1999)). Consequently, Count III should be dismissed as well.

Kratzenberg seeks to avoid application of the Rooker-Feldman doctrine by arguing that the relief he seeks is "prospective." See Doc. No. 24 at pg. 2 (describing his requests for declaratory and injunctive relief as prospective). Thus, he contends that his claims are aimed at protecting his rights in the future rather than attacking the state court rulings in connection with his divorce from his former spouse. See id. at pg. 4 (arguing that plaintiff has "standing" to challenge "the draconian terms and ruthless punishment imposed by the NH Divorce Statute" in order to protect himself from any potential requirement to "pay another million dollars if [he] and a future spouse agree to

have a no-fault divorce.”). This argument is insufficient to avoid application of the Rooker-Feldman doctrine.

In connection with his challenges to the New Hampshire divorce statute, Katzenberg seeks a declaratory judgment that:

> the NH Divorce Statute is constitutionally infirm[ ] –
>
> A. In its requiring a citizen to provide a former spouse financial support beyond fulfilling emergency needs for shelter, food and other requirements.
>
> B. In being enforced against persons married before the adoption of its current version and only can be enforced against persons by an earlier version[ ] that was current on the date when persons entered into their marriage contract.

Doc. No. 15 at pg. 12. As described in Counts II and III, however, Kratzenberg's request for such relief is premised upon his challenges to the Divorce Court's judgment against him. Specifically, in Count II, Kratzenberg asserts that the divorce statute is unconstitutional because “the enforcement of [that statute] against him” in his divorce proceedings resulted in “an unconstitutional ‘taking’ of his land and treasure[,]” and because the Divorce Court applied it “retroactively” in connection with “his divorce from his former spouse.” Id. at ¶¶ 32, 34. In Count III, Kratzenberg contends that the Divorce Court violated his rights under the New Hampshire Constitution by relying on the current version of the state's divorce statute to determine plaintiff's alimony obligations. See id. at ¶¶ 36-37. Because Kratzenberg “complain[s] of an injury caused by the state-court judgment and seek[s] review and rejection of that judgment[,]” Rooker-Feldman bars jurisdiction over those Counts of his Complaint. See Federación de Maestros de P.R., 410 F.3d at 23-24.

ii. *Counts I and IV*

Application of the Rooker-Feldman doctrine warrants a different conclusion with respect to Counts I and IV of Kratzenberg's Complaint. In Count I, Kratzenberg alleges that he had a

constitutional right to petition the NHSC for review of the Divorce Court's judgment with respect to his alimony payments, and that defendants' adoption of NHSC Rules 3 and 7 deprive pro se litigants of their First Amendment right to petition the courts because these Rules discriminate against pro se petitioners seeking appellate review of their claims by the NHSC. See Doc. No. 15 at ¶¶ 21-23 and 25-29. Relevant case law suggests that the question whether the Rooker-Feldman doctrine deprives the court of subject matter jurisdiction over this claim "is open to some debate." See D'Angelo, 2012 WL 6647807, at *3 (assessing whether Rooker-Feldman precludes subject matter jurisdiction over plaintiff's claim that the NHSC violated his constitutional rights by declining to grant his notice of appeal from family court judgment on his child support obligations and finding it "arguable that the court has jurisdiction over [plaintiff's] constitutional challenge to [NHSC] Rule 3"). This court concludes that Rooker-Feldman does not bar Count I, but only insofar as the resolution of Kratzenberg's claim will not require this court to review the validity of a state court decision.

To the extent Count I purports to challenge the NHSC's decision to deny Kratzenberg's appeal under the NHSC Rules, it constitutes an attack on a state court decision. See Vajk v. Young, No. 2:16-cv-129, 2016 WL 10607166, at *2 (W.D. Mich. June 28, 2016) (finding that plaintiff was "clearly attacking the state court judgment" by arguing that appeals court acted improperly when it relied on an allegedly unconstitutional court rule to dismiss his case). Accordingly, Rooker-Feldman precludes this court from considering any such claim. See id. However, to the extent Count I challenges defendants' adoption of Rules 3 and 7, and the impact of those Rules upon pro se litigants, resolution of that claim will "not . . . require the court to review the validity of the state court decisions referenced in [Kratzenberg's] complaint." D'Angelo, 2012 WL 6647807, at *3.

Accordingly, the Rooker-Feldman doctrine is inapplicable to Kratzenberg's claim, asserted in Count I, that defendants' adoption of NHSC Rules 3 and 7 was unconstitutional.

Finally, in Count IV of his Complaint, Kratzenberg claims that defendants "breached [their] contract to supply him appellate review services in exchange for [the] 'filing fee[,]'" and he requests compensatory damages in the amount of the filing fee. Doc. No. 15 at ¶ 39 and pg. 12. Nothing in Count IV invites this court "to review and reverse" a state court judgment or otherwise challenges such a judgment. See Federación de Maestros de P.R., 410 F.3d at 20 (citations omitted). Therefore, the Rooker-Feldman doctrine does not deprive the court of subject matter jurisdiction over this claim.

## II. Defendants' Claim of Immunity

Defendants argue that even if the court has subject matter jurisdiction over Kratzenberg's claims, those claims are barred by the doctrines of sovereign and absolute judicial immunity. Doc. No. 19-1 at 7-10. Accordingly, this court must decide whether the remaining claims in Counts I and IV should be dismissed on the basis of immunity.[3] Those claims consist of Kratzenberg's constitutional challenges to NHSC Rules 3 and 7 (Count I) and his claim for breach of contract (Count IV).

### A. Sovereign Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S.

[3] Because this court recommends that Counts II and III be dismissed for lack of subject matter jurisdiction under the Rooker-Feldman doctrine, it is unnecessary at this time to address whether defendants are entitled to immunity with respect to those Counts. Accordingly, this court's analysis of defendants' claims of immunity are confined to Counts I and IV of the Complaint.

Const. amend. XI. "The Supreme Court has held that the doctrine of sovereign immunity reaches beyond the words of the Eleventh Amendment, extending immunity to state governments in suits not only by citizens of another state, but by its own citizens as well." Vaquería Tres Monjitas, Inc. v. Irizarry, 587 F.3d 464, 477 (1st Cir. 2009). Thus, "[u]nless an exception applies, the Eleventh Amendment precludes suits against states by private individuals in federal court." Doe v. Meyers, No. 18-1039-JD, 2019 WL 4060068, at *2 (D.N.H. Aug. 28, 2019) (citing Bd. of Trs. of Univ. of Ala. v. Garrett, 531 U.S. 356, 363 (2001)). "A state court is a state entity for purposes of the Eleventh Amendment." Id. (and cases cited). Eleventh Amendment immunity also applies to state officials acting in their official capacities. Davidson v. Howe, 749 F.3d 21, 27 (1st Cir. 2014). In the absence of an exception, therefore, Eleventh Amendment immunity bars Kratzenberg's claims against the NHSC and the Chief Justice in his official capacity.

Citing the Supreme Court's decision in Ex parte Young, 209 U.S. 123 (1908), Kratzenberg argues that defendants are not entitled to sovereign immunity because he is "only seeking prospective injunctive relief against [the NHSC's] chief administrator to enjoin [him] from enforcing constitutionally infirm[ ] and otherwise illegal policies." Doc. No. 24 at pg. 6 & n. 3. "[T]he *Ex Parte Young* doctrine permits suits to proceed against state officers in their official capacities to compel them to comply with federal law." Irizarry, 587 F.3d at 477-78. It is based on the notion "that, since a state could not authorize an official to violate federal law, by doing so, a state official is stripped of her authority and thus a suit against her does not implicate the state's sovereign immunity." Id. at 478. "Thus, under Ex parte Young, the Eleventh Amendment permits federal courts to issue prospective relief that enjoins state officials from committing future violations of federal law, but not retrospective relief that 'make[s] reparation for the past.'" Cotto v. Campbell, 126 F.4th 761, 767 (1st Cir. 2025) (alteration in original) (quoting Edelman v. Jordan,

415 U.S. 651, 664-65 (1974)). Specifically, the Ex parte Young exception to Eleventh Amendment immunity "applies if a plaintiff (1) 'alleges an ongoing violation of federal law' by a state official and (2) 'seeks relief properly characterized as prospective.'" Id. (footnote omitted) (quoting Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 645 (2002)).

Count IV of Kratzenberg's Complaint satisfies neither of these requirements. As an initial matter, Count IV consists of a breach of contract claim that is based on state rather than federal law. See Doc. No. 15 at ¶ 39. Moreover, the claim arises from past harm that occurred in February 2024, when defendants declined to accept plaintiff's appeal in exchange for his payment of a filing fee. See id.; Doc. No. 19-2. Further, in connection with Count IV, Kratzenberg seeks compensatory damages that cannot be deemed prospective. See id. at pg. 12 (seeking refund from the NHSC to compensate plaintiff for the cost of seeking an appeal). Therefore, Count IV should be dismissed to the extent it is asserted against the NHSC and the Chief Justice in his official capacity.

In Count I, Kratzenberg alleges a violation of federal law. See id. at ¶¶ 21-22, 26-27 (alleging violations of First Amendment right to petition the courts). He also alleges that NHSC Rules 3 and 7 result in ongoing constitutional violations that "bifurcate[ ] the [p]ublic into two separate categories for appellate review and then for arbitrary and capricious reasons discriminate[] against one of these categories by denying them its appellate review services." Id. at ¶ 26. Additionally, as Kratzenberg argues, he seeks prospective relief in the form of an injunction that requires defendants to offer "all members of the [p]ublic an equal opportunity to petition the NHSC for appellate review."[4] Id. at pg. 12. Because the Ex parte Young exception to

---

[4] In his Prayer for Relief, Kratzenberg states that he seeks "an Order permanently enjoining Defendants from offering all members of the Public an equal opportunity to petition the NHSC for appellate review." Doc. No. 15 at pg. 12. However, it is clear from his Complaint that he means

sovereign immunity does not apply to state entities such as a state court, see Irizarry, 587 F.3d at 477-78 (explaining that sovereign immunity precludes suits against entities that constitute an "arm of the state" but that "the *Ex Parte Young* doctrine permits suits to proceed against state officers in their official capacities"), the NHSC is entitled to dismissal of Count I. However, sovereign immunity does not preclude Kratzenberg from pursuing this claim against the Chief Justice in his official capacity.

B. Absolute Judicial Immunity

Defendants' final argument is that the Complaint "must also be dismissed for failure to state a claim because the Plaintiff's claims are barred by the well-settled doctrine of absolute judicial immunity." Doc. No. 19-1 at pg. 9. Kratzenberg disputes this argument and contends that defendants are not entitled to such immunity because he is "only challenging their future enforcement of unconstitutional administrative policies that lie outside the bounds of their constitutional authority." Doc. No. 24 at pg. 6. In light of the recommendations described above, this court confines its consideration of these arguments to their impact on the remaining claims set forth in Count I against the Chief Justice in his official and individual capacities and Count IV against the Chief Justice in his individual capacity.

i. *Scope of the absolute judicial immunity doctrine*

The Supreme Court has long held that "judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." Sup. Ct. of Va. v. Consumers Union of United States, Inc., 446 U.S. 719, 734-35 (1980). "The breadth of the protection is fulsome, shielding judges even when their actions are malicious, corrupt,

to request an injunction that requires defendants to offer all members of the public an equal opportunity to petition the NHSC for appellate review.

mistaken, or taken in bad faith[.]" Zenon v. Guzman, 924 F.3d 611, 616 (1st Cir. 2019). "[I]mmunity is overcome only in cases where a judge is carrying out a nonjudicial action, or in instances where a judge takes an action, though seemingly 'judicial in nature,' that is 'in the complete absence of all jurisdiction.'" Id. at 617 (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991) (per curiam)).

"To determine if a judge is entitled to the full protection of the doctrine's deflector shield," courts must assess "whether the judge's act was one normally performed by a judge and whether the parties were dealing with the judge in his or her judicial capacity." Id. (citing Stump v. Sparkman, 435 U.S. 349, 362 (1978)). "[T]he relevant inquiry" in determining whether judicial immunity attaches "is the nature and function of the [challenged] act, not the act itself." Id. (internal quotation marks omitted) (quoting Mireles, 502 U.S. at 13). "Administrative decisions, even though they may be essential to the very functioning of the courts, have not . . . been regarded as judicial acts." Forrester v. White, 484 U.S. 219, 228 (1988). Similarly, judicial immunity does not attach to judges acting in a legislative capacity, although absolute legislative immunity may bar suits against judges engaged in rulemaking activity. See id. (explaining that "legislative, rather than judicial, immunity" attaches where a judge engages in rulemaking rather than adjudication). On the other hand, judicial immunity does apply where the decisions or acts at issue can be deemed "judicial or adjudicative." See id. at 229.

ii. *Whether absolute judicial immunity applies to the remaining claims*

A state judge's decision to deny a litigant's petition for the allowance of an appeal constitutes an action taken in the judge's judicial capacity. See Span v. Flaherty, 135 F. App'x 525, 526 (3d Cir. 2005) (ruling that complaint alleging constitutional violations based on state Supreme Court Justices' denial of plaintiff's petition for allowance of appeal "consist[ed] entirely of

allegations regarding the actions taken by the defendants in their judicial capacity."). To the extent Kratzenberg seeks to hold the Chief Justice liable in Count I for denying his appeal under the NHSC Rules, there can be no serious question that the Chief Justice was acting in his judicial capacity and carrying out a judicial function. Accordingly, the Chief Justice is entitled to absolute judicial immunity for this conduct.

Kratzenberg argues that absolute judicial immunity cannot attach because he is challenging only the future enforcement of defendants' policies. Doc. No. 24 at pg. 6. However, a claim challenging defendants' denial of his appeal implicates only past conduct. To the extent Count I encompasses a claim against the Chief Justice based on the denial of Kratzenberg's appeal, this court recommends that it be dismissed.

To the extent Kratzenberg seeks to hold the Chief Justice liable in Count I for the adoption of NHSC Rules 3 and 7, this court finds the doctrine of absolute judicial immunity inapplicable to this claim. Part II, article 73-a of the New Hampshire Constitution delegates authority to the Chief Justice of the NHSC, "'with the concurrence of a majority of the supreme court justices,'" to "'make rules governing . . . the practice and procedure to be followed' in all courts in the State." In re Proposed N.H. Rules of Civil Proc. (Petition of N.H. Bar Ass'n), 139 N.H. 512, 513 (1995) (quoting N.H. Const. pt. II, art. 73-a). Adopting the NHSC Rules was therefore a proper function of the Chief Justice under New Hampshire law. However, "propounding the [Rules] was not an act of adjudication but one of rulemaking." Forrester, 484 U.S. at 228 (quoting Consumers Union,

446 U.S. at 731). Judicial immunity does not extend to such actions. See id. ("judicial immunity has not been extended to judges acting to promulgate a code of conduct for attorneys.").

Although judicial immunity is not available to bar this claim, as defendants argue, "legislative immunity surely is." Doc. No. 19-1 at pg. 10 n.5. Defendants maintain that the Chief Justice is immune from suit based on his role in promulgating the NHSC Rules. This court agrees.

In Consumers Union, the Supreme Court held that legislative immunity extends to judges who engage in rulemaking. Consumers Union, 446 U.S. at 731-34 (explaining that promulgation of code of conduct for attorneys by state court was an act of rulemaking for which the court and its members were entitled to legislative immunity). It also explained that legislative immunity protects such judges from actions for damages, as well as actions for prospective relief. See id. (describing scope of legislative immunity that applied to state court and its members). Under the relevant authority, therefore, the NHSC and its members are absolutely immune from suit based on actions they took in their legislative capacity to promulgate the NHSC Rules, and defendants' motion to dismiss Count I of Kratzenberg's Complaint should be granted in its entirety.

Kratzenberg's final remaining claim, which is set forth in Count IV of the Complaint, alleges that the Chief Justice, acting in his individual capacity, "breached [a] contract to supply him appellate review services in exchange for [the] 'filing fee.'"[5] Doc. No. 15 at ¶ 39. For the reasons that follow, this court recommends that this claim be dismissed as well.

"Federal courts have [original] jurisdiction over two general types of cases: cases that aris[e] under federal law and cases in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties." Industria Lechera de P.R., Inc. v. Beiró, 989 F.3d

[5] This court's description of Kratzenberg's breach of contract claim against the Chief Justice constitutes a generous reading of Count IV, as Kratzenberg alleges no specific facts against the Chief Justice individually.

116, 120 (1st Cir. 2021) (second alteration in original) (quotations and citations omitted). Because this case is based only on federal question jurisdiction, see Doc. No. 15 at ¶ 19, Kratzenberg's state law claims, including Count IV, are before this court "solely as a result of the district court's exercise of supplemental jurisdiction." Zell v. Ricci, 957 F.3d 1, 15 (1st Cir. 2020). The First Circuit has held that "when all federal claims have been dismissed, it is an abuse of discretion for a district court to retain jurisdiction over the remaining pendent state law claims unless doing so would serve the interests of fairness, judicial economy, convenience, and comity." Id. (internal quotation marks omitted) (quoting Wilber v. Curtis, 872 F.3d 15, 23 (1st Cir. 2017). "[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." Borrás Borrero v. Corporación del Fondo del Seguro del Estado, 958 F.3d 26, 37 (1st Cir. 2020) (alteration in original) (quoting Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988)).

This case is still in its early stages. The pleadings have not yet closed and no discovery plan is in place. Moreover, the question whether plaintiff's claims can proceed at all must await a final determination by the district judge on the pending motion to dismiss. The proper course under these circumstances is for the court to decline to exercise supplemental jurisdiction over the claim against the Chief Justice for breach of contract. Therefore, this court recommends that Count IV be dismissed.

**CONCLUSION**

For all the reasons detailed herein, this court recommends that the district judge grant defendants' Motion to Dismiss Amended Complaint (Doc. No. 19). Any objections to this Report and Recommendation must be filed within fourteen (14) days of receipt of this notice. The

fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the district court's Order. See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016). Only those issues raised in the objection(s) to this Report and Recommendation "are subject to review in the district court" and any issues "not preserved by such objection are precluded on appeal." Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (quoting Keating v. Sec'y of Health & Hum. Servs., 848 F.2d 271, 275 (1st Cir. 1988)).



Talesha L. Saint-Marc
United States Magistrate Judge

April 30, 2025

cc: Eric Kratzenberg, pro se
Counsel of record

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 5/15/2025 at 8:40 AM EDT and filed on 5/15/2025

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **Document Number:** | No document attached |

**Docket Text:**

**ENDORSED ORDER granting [27] Emergency MOTION to Extend Time to Object/Respond to [26] REPORT AND RECOMMENDATION re [19] Motion to Dismiss for Failure to State a Claim, recommending For all the reasons detailed herein, this court recommends that the district judge grant defendants Motion to Dismiss Amended Complaint (Doc. No. 19). to 19 May 2025 EMERGENCY PETITION TO EXTEND TO 19 MAY 2025 THE DEADLINE FOR PLAINTIFF TO RESPOND TO MAGISTRATES REPORT. *Text of Order: Granted.* So Ordered by US Magistrate Judge Talesha L. Saint−Marc. Follow up on Objection on 5/19/2025. The court only follow up date DOES NOT include 3 additional days that may apply per FRCP 6(d) and FRCrP 45(c).(ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eric Kratzenberg

v. Case No. 24-cv-205-JL-TSM

NH Supreme Court, Chief Justice, et. al.

ORDER

After due consideration of the objection filed, I herewith approve the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated April 30, 2025.

Joseph N. Laplante
United States District Judge

Date: May 30, 2025

cc: Eric Kratzenberg, pro se
Counsel of Record

UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Eric Kratzenberg

v. Case No. 24-cv-205-JL-TSM

NH Supreme Court, Chief Justice, et. al.

JUDGMENT

In accordance with the Order by Judge Joseph N. Laplante dated May 30, 2025, approving the Report and Recommendation of Magistrate Judge Talesha L. Saint-Marc dated April 30, 2025, judgment is hereby entered.

The prevailing party may recover costs consistent with Fed. R. Civ. P. 54(d) and 28 U.S.C. § 1920.

By the Court:

Tracy A. Uhrin
Clerk of Court

Date: May 30, 2025

cc: Eric Kratzenberg, pro se
Counsel of Record

**U.S. District Court**

**District of New Hampshire**

## Notice of Electronic Filing

The following transaction was entered on 7/7/2025 at 2:05 PM EDT and filed on 7/7/2025

| | |
|---|---|
| **Case Name:** | Kratzenberg v. NH Supreme Court, Chief Justice et al |
| **Case Number:** | 1:24−cv−00205−JL−TSM |
| **Filer:** | |
| **WARNING: CASE CLOSED on 05/30/2025** | |
| **Document Number:** | No document attached |

**Docket Text:**
**ENDORSED ORDER granting [32] Motion to Extend to 7 July 2025 the Deadline for Filing FRCP Rule 59 Motion and Motion for More Definitive Ruling.** ***Text of Order: This matter is before the court on plaintiff's motion for an extension of time to file a motion to alter or amend the judgment pursuant Fed. R. Civ. P. 59(e). In light of the July 4 holiday, the motion is granted and the deadline for plaintiff to file his motion shall be extended to July 14, 2025.*** **So Ordered by US Magistrate Judge Talesha L. Saint−Marc.(ko)**

**1:24−cv−00205−JL−TSM Notice has been electronically mailed to:**

Christopher George Bond     christopher.g.bond@doj.nh.gov, jill.tekin@doj.nh.gov

Eric Kratzenberg     ekratz314@protonmail.com

**1:24−cv−00205−JL−TSM Notice, to the extent appropriate, must be delivered conventionally to:**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

ERIC KRATZENBERG

v. Case No. 24-cv-205-JL-TSM

NEW HAMPSHIRE SUPREME
COURT, et al.

**ORDER ON PLAINTIFF'S MOTIONS**
**TO ALTER OR AMEND THE JUDGMENT AND**
**ACCEPT PLAINTIFF'S PROPOSED AMENDED COMPLAINT**

Before the court are "Plaintiff's FRCP Rules 15 & 59 Petition[s] for th[e] Court to Revise its Judgment of Dismissal and Accept Kratzenberg's Amended Complaint" (Doc. Nos. 33 & 34)[1] in which self-represented plaintiff, Eric Kratzenberg ("Kratzenberg"), asks the court to "revise its judgment of dismissal" and allow him to pursue his claims against the New Hampshire Supreme Court ("NHSC") and its Chief Justice, Gordon MacDonald (the "Chief Justice"), in accordance with a proposed amended complaint that is attached to his motions. Defendants oppose Kratzenberg's Petitions. They contend that the court should deny plaintiff's motions because Kratzenberg fails to articulate any basis for altering or amending the final judgment dismissing the case and because his proposed amended claims against them are barred by the doctrines of sovereign immunity, absolute judicial immunity, and legislative immunity. Doc. No. 35 at pgs. 2-5. For the reasons that follow, Kratzenberg's motions are denied.

[1] Doc. Nos. 33 and 34 include identical copies of plaintiff's Petition.

## BACKGROUND

### ***Kratzenberg's Claims Against Defendants***

Kratzenberg filed his original complaint against the NHSC and the Chief Justice on July 9, 2024. Doc. No. 1. On November 1, 2024, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Doc. No. 13. On November 22, 2024, Kratzenberg filed an Amended Complaint as of right pursuant to Fed. R. Civ. P. 15(a)(1)(B).[2] Doc. No. 14. Several days later, he filed a Corrected Amended Complaint, which became the operative complaint in this action. Doc. No. 15. The gravamen of Kratzenberg's claims was that the NHSC and its Chief Justice, acting in both his individual and official capacities, violated plaintiff's constitutional and state law rights by declining to accept his appeal from a divorce court's denial of his petition to modify his child support and alimony obligations in a post-divorce domestic relations proceeding. Specifically, in Count I, Kratzenberg asserted that defendants' adoption of NHSC Rules 3 and 7, on which the NHSC relied in denying his appeal, violated his constitutional right to petition the court for appellate review. Id. at ¶¶ 20-30. In Count II, he alleged that New Hampshire's divorce statute violated his constitutional rights to due process and equal protection, and that the enforcement of that statute against him constituted an unconstitutional taking of his property without just compensation. Id. at ¶¶ 32, 34. In Count III, Kratzenberg claimed that the retroactive application of the New Hampshire divorce statute to his divorce proceedings deprived him of his rights under Article 23 of the New Hampshire Constitution. Id. at ¶¶ 36-37. Finally, in Count IV, Kratzenberg

---

[2] Fed. R. Civ. P. 15(a)(1)(B) permits a plaintiff to amend his complaint once as a matter of course within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."

alleged that defendants "breached [their] contract to supply him appellate review services in exchange for [the] 'filing fee.'" Id. at ¶ 39.

***Judge Saint-Marc's Ruling on Defendants' Motion to Dismiss***

Because Kratzenberg filed his amended complaint after defendants filed their motion to dismiss the original complaint, Judge Saint-Marc denied the motion to dismiss without prejudice, and directed defendants to respond to the Corrected Amended Complaint "as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ. P. 15(a)." Doc. No. 21 (quoting LR 15.1(c)).[3] On December 2, 2024, defendants filed a motion to dismiss the Corrected Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Doc. No. 19. Therein, defendants argued that dismissal of Kratzenberg's claims was warranted because the court lacked subject matter jurisdiction under the Rooker-Feldman doctrine, which "precludes federal jurisdiction over a challenge to a state court judgment to which the challenger was a party." Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009). They also argued that even if subject matter jurisdiction existed, Kratzenberg's claims were barred by the doctrines of sovereign immunity, absolute judicial immunity, and legislative immunity. Doc. No. 19 at ¶ 7; Doc. No. 19-1 at pgs. 7-10.

On April 30, 2025, Judge Saint-Marc issued a Report and Recommendation ("R&R") in which she recommended that the court grant defendants' motion. Doc. No. 26. As further detailed in the R&R, Judge Saint-Marc determined that the claims contained in Counts II and III of the Corrected Amended Complaint fell "easily within the scope of the Rooker-Feldman doctrine" because they involved collateral attacks on a state court judgment to which Kratzenberg was a

[3] Local Rule 15.1(c) provides that "[w]hen a plaintiff files an amended complaint as of right . . . after the filing of a motion to dismiss for failure to state a claim, the motion to dismiss shall be automatically denied without prejudice and the defendant(s) shall respond to the amended complaint as may be appropriate under Fed. R. Civ. P. 12, within the time allowed under Fed. R. Civ P 15(a).

party. Id. at pgs. 9-11. Accordingly, Judge Saint-Marc concluded that the court lacked jurisdiction over those claims, and that Counts II and III should be dismissed. See id. Judge Saint-Marc also determined that sovereign immunity, absolute judicial immunity, and legislative immunity barred all of the claims asserted against the NHSC and the Chief Justice in Count I of the Corrected Amended Complaint. Id. at pgs. 13-19. Therefore, she recommended that defendants' motion to dismiss Count I be granted in its entirety. See id. Finally, Judge Saint-Marc recommended that defendants' motion to dismiss be allowed with respect to the breach of contract claim set forth in Count IV of the Corrected Amended Complaint. Id. at pgs. 19-20. Specifically, Judge Saint-Marc reasoned that under the relevant First Circuit authority, if a district court dismisses all claims over which it had original jurisdiction, it should ordinarily decline to exercise supplemental jurisdiction over any supplemental state law claims. See id. Because the court's jurisdiction was based on a federal question, Judge Saint-March concluded that Kratzenberg's federal claims should be dismissed, and the case was still in its early stages, Judge Saint-Marc recommended that the court decline to exercise supplemental jurisdiction over the remaining breach of contract claim. Id. at pg. 20.

***Approval of the R&R and Issuance of Final Judgment***

Kratzenberg objected to the R&R. Doc. No. 28. In his objection, Kratzenberg challenged Judge Saint-Marc's application of sovereign and legislative immunity to Count I of the Corrected Amended Complaint. Id. at pgs. 1-3. He also challenged her reliance on the Rooker-Feldman doctrine to recommend dismissal of Counts II and III. Id. at pgs. 3-5. However, on May 30, 2025, following due consideration of plaintiff's objection, this court approved the R&R. Doc. No. 30. The Clerk of Court then entered a final Judgment in favor of defendants, thereby dismissing the

case. Doc. No. 31. Kratzenberg did not appeal from the entry of the judgment. Instead, he filed the instant motion to revise the judgment and accept his amended complaint.

## LEGAL STANDARD

Kratzenberg brings his present motion under Rules 15 and 59 of the Federal Rules of Civil Procedure. "Ordinarily, Rule 15(a) governs a motion to amend a complaint." Fisher v. Kadant, Inc., 589 F.3d 505, 508 (1st Cir. 2009). The Rule provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "If, however, a motion to amend is filed *after* the entry of judgment, the district court lacks authority to consider the motion under Rule 15(a) unless and until the judgment is set aside." Fisher, 589 F.3d at 508 (emphasis in original). The rationale for this restriction is readily apparent: "once judgment has entered, the case is a dead letter, and the district court is without power to allow an amendment to the complaint because there is no complaint left to amend." Id. at 509. Unless Kratzenberg is able to show that he is entitled to postjudgment relief, this court lacks the power to grant his request to amend his complaint. See id. ("Unless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)." (quotations and citation omitted)).

Kratzenberg seeks postjudgment relief pursuant to Fed. R. Civ. P. 59. Under subsection (e) of that Rule, "a party may seek to have the court alter or amend a judgment." United States v. DeMauro, 540 F. Supp.3d 157, 162 (D.N.H. 2021). "The purpose of Rule[ ] . . . 59(e) is to allow the court to correct or amend a judgment in the event of any manifest errors of law or newly discovered evidence." Perrier-Bilbo v. United States, 954 F.3d 413, 435 (1st Cir. 2020). To prevail on a Rule 59(e) motion, the moving party must show an intervening change in the law, a manifest error of law or fact underlying the judgment, newly discovered evidence that could not have been produced before the court entered judgment, or manifest injustice if the motion is denied. See

Markel Am. Ins. Co. v. Díaz-Santiago, 674 F.3d 21, 32 (1st Cir. 2012) (citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005)). "Rule 59(e) relief, however, is 'an extraordinary remedy' that courts grant 'sparingly.'" DeMauro, 540 F. Supp.3d at 162 (quoting Biltcliffe v. CitiMortgage, Inc., 772 F.3d 925, 930 (1st Cir. 2014)). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." Id. (quoting Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006)). "Nor does it 'provide a vehicle for a party to undo its own procedural failures' or to 'advance new arguments that could or should have been presented to the district court prior to judgment.'" Id. (quoting Marks 3 Zet-Ernst Marks GmBh & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006)).

**DISCUSSION**

In support of his motion to revise the judgment and amend his complaint, Kratzenberg asserts that the final Judgment provided no explanation for the court's decision to dismiss all his claims, and that he "was flummoxed" by the outcome of the case after he explained to the court in his opposition to the R&R that he "sought no appeal of a state[ ] court's judgments" and was "only seeking prospective injunctive relief[.]" Doc. No. 33 at pgs. 1-2. He further contends that his proposed amended complaint addresses the court's concerns regarding the Rooker-Feldman doctrine and legislative immunity by eliminating certain claims and limiting his request for relief. Id. at pg. 2. In particular, Kratzenberg emphasizes that in his proposed amended complaint, he drops all of his claims relating to the New Hampshire divorce statute. Id. He also points out that he is "only seeking prospective injunctive relief against the [NHSC] and its Chief Justice[ ] to prevent the . . . future enforcement of NHSC Rules 3 & 7[.]" Id.

Defendants contend that the court should deny Kratzenberg's effort to revive his case against them. As an initial matter, defendants argue that plaintiff's challenge to the court's Judgment does not warrant relief under Rule 59(e) because Kratzenberg fails to articulate any manifest error of law in the R&R or present any new evidence to support his claims. Doc. No. 35 at pgs. 2-3. They also argue that to the extent plaintiff's proposed amended complaint seeks prospective relief, his claims are still barred by the doctrines of sovereign immunity, absolute judicial immunity, and legislative immunity. Id. at pgs. 3-4. In short, defendants contend that the motion to revise the judgment and accept the proposed amended complaint must be denied because "Plaintiff fails to articulate *any* grounds for this Court to set aside its earlier Judgment" and even if he articulated such grounds, his proposed amended claims are futile. See id. at pgs. 3-5 (emphasis in original).

**I. Post-Judgment Relief Under Fed. R. Civ. P. 59(e)**

The court finds that Kratzenberg fails to provide any basis to justify the "extraordinary remedy" of relief under Rule 59(e). See DeMauro, 540 F. Supp.3d at 162 (quotations and citation omitted). In his motion, Kratzenberg makes no attempt to argue, much less demonstrate, the existence of a manifest error of law or fact in Judge Saint-Marc's R&R. Nor does he describe an intervening change in the law or articulate any other basis for altering, amending, or setting aside the Judgment. Notably, Kratzenberg does not point to any specific section of the R&R with which he takes issue. See Doc. No. 33 at pgs. 1-2; Doc. No. 34 at pgs. 1-2. Additionally, he fails to highlight any specific facts or cite any case law that would undermine Judge Saint-Marc's analysis. See id.

To the extent Kratzenberg argues that the Judgment was unjust because it "did not provide any explanation on why it dismissed all [his] Complaint's claims[,]" Doc. No. 33 at pg. 1, his

argument is unpersuasive. The Judgment was based on the court's approval of the R&R, which provided a detailed explanation for Judge Saint-Marc's recommendation to grant defendants' motion to dismiss. In other words, the R&R described the basis for the final Judgment dismissing Kratzenberg's claims.

To the extent Kratzenberg suggests that the Judgment was erroneous because he was "only seeking prospective injunctive relief[,]" Doc. No. 33 at pgs. 1-2, this argument is similarly insufficient to warrant relief under Rule 59(e). In his objection to the R&R, Kratzenberg challenged the dismissal of Count I of his Amended Complaint on the grounds that "[t]he *Ex Parte Young* doctrine allows suits for declaratory judgments and prospective injunctive relief that are otherwise barred by sovereign and legislative immunity[,] and that he was "seeking declaratory relief and an injunction to enjoin the Defendants' ongoing enforcement" of NHSC Rules 3 and 7. Doc. No. 28 at pgs. 1-2. In other words, Kratzenberg made the same argument in his objection to the R&R that he makes in his present motion. This court considered and rejected that argument when it approved the R&R. See Doc. No. 30 (approving Judge Saint-Marc's R&R "[a]fter due consideration of the objection filed"). "[A] motion to alter or amend is not 'a mechanism to regurgitate old arguments previously considered and rejected." Ing v. Tufts Univ., 81 F.4th 77, 85-86 (1st Cir. 2023) (internal quotation marks omitted) (quoting Biltcliffe, 772 F.3d at 930). Therefore, Kratzenberg's assertion that he only seeks injunctive relief presents no grounds for altering, amending, or setting aside the Judgment dismissing his case, and his motion to revise the judgment is denied.

## II. Motion to Amend the Complaint

It is black letter law that "[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a)." Fisher, 589 F.3d at 509

(quoting Acevedo-Villalobos v. Hernández, 22 F.3d 384, 389 (1st Cir. 1994)). "As long as the judgment remains in effect, Rule 15(a) is inapposite." Id. at 508-09. Because Kratzenberg fails to establish that he is entitled to postjudgment relief under Rule 59(e), his request to amend his complaint must be denied.

## CONCLUSION

For all the reasons detailed herein, "Plaintiff's FRCP Rules 15 and 59 Petition[s] for th[e] Court to Revise its Judgment of Dismissal and Accept Kratzenberg's Amended Complaint" (Doc. Nos. 33 and 34) are denied.

Joseph N. Laplante
United States District Judge

October 23, 2025

cc: Eric Kratzenberg, pro se
Counsel of record